**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| CHOOSE FRIENDSHIP, LLC, *Plaintiff*, v. THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS , AND ININCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, *Defendants*. | Civil Action No.23-cv-16571 **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through its undersigned counsel, hereby files this Compliant against the entities identified on Schedule A hereto (collectively, "Defendants"). In support thereof, Plaintiff states as follows:

## PARTIES:

1. Plaintiff, Choose Friendship, LLC, is a Utah Limited Liability Company, with its primary place of business at 701 South Main Street, Suite 320 Logan, Utah, 84321.

2. Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions. Defendants conduct business or assist in business conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of products that incorporate counterfeit and infringing versions of Plaintiff's Works. Defendants conduct business, or assist in business conducted, throughout the United States (including within the State of Illinois and this Judicial District) through the public

display, online advertising and selling, and importation and distribution, of items that incorporate counterfeit and otherwise infringing versions of Plaintiff's Works. Each Defendant has targeted Illinois by selling or offering to sell, or knowingly assisting in selling or offering to sell, the Counterfeit Products to Illinois consumers through various online retail platforms. Each Defendant has targeted Illinois by selling or offering to sell or knowingly assisting in the selling or offering to sell, Counterfeit Products to Illinois consumers via various online stores.

3. Defendants appear to be an interrelated group of counterfeiters and infringers, who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine versions of Plaintiff's Works, while they actually selling inferior imitations of Plaintiff's Works. The Defendant Internet Stores share unique identifiers, such as common design elements, such as the same or similar Infringing Products they offer for sale, similar Infringing Product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, identically or similarly priced Infringing Products and volume sales discounts, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction or occurrence. Tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their unlawful network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1125, *et seq*. (the Lanham Act), jurisdiction being conferred in

accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. Jurisdiction for the claims made under Illinois state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants. Each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet Stores identified herein. Specifically, each of the Defendants are directly reaching out to do business with Illinois residents by operating, or assisting in the operation of, one or more commercial, interactive e-commerce stores that sell products directly to Illinois consumers that incorporate infringing versions of Plaintiff's works. In short, each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## NATURE OF THE CASE:

6. This is a complaint for damages and injunctive relief against Defendants for trade dress infringement, unfair competition, unjust enrichment, and deceptive trade practices. This complaint arises under 15 USC §1125.

## FACTS RELEVANT TO ALL COUNTS

### Plaintiff's Products and Well-Known Trade Dress

7. Choose Friendship is a recognized international leader in creating innovative, high quality, and patented bracelet making kits, and makes, distributes, markets, and sells throughout the United States numerous well known bracelet making products, including the Choose Friendship My Friendship Bracelet Maker® and various other products.

8. Choose Friendship is a recognized global leader in bracelet maker and kit design, and, together with its affiliates, makes, distributes, markets, and sells throughout the United States and in other countries well-known bracelet making kits under the Choose Friendship brand or its partners' brands.

9. The Choose Friendship brand has achieved enormous commercial success as reflected by the extensive sales of products under the brand, which have been supported by significant marketing and promotion campaigns throughout the United States, including in Illinois.

10. As a result of Choose Friendship's exclusive, continuous, and substantial use of the Choose Friendship branding, consumers have come to associate the Choose Friendship brand as a source identifier of Choose Friendship.

11. Since 2009, Choose Friendship has manufactured, marketed, and sold Choose Friendship products in different color and style variations under the Choose Friendship mark and Choose Friendship trade dress. The trade dress differs slightly across the different products, but consistently features, among other things, (a) unique color schemes; and (b) the appearance of a butterfly on certain makers.

12. Currently, Choose Friendship manufacturers, markets, and sells four bracelet maker kits: The original My Friendship Bracelet Maker® ("Original"); a new and improved My Friendship Bracelet Maker® ("V2"); My Tiny Friendship Bracelet Maker, and My Kumihimo Friendship Bracelet Maker, all which incorporate the Choose Friendship Trade Dress and can be viewed via the following web addresses: (1) www.amazon.com/dp/B08F78WXCP; (2) www.amazon.com/dp/B0CCXJXSRR; (3) www.amazon.com/dp/B0CCXCQX7C; and (4) www.amazon.com/dp/B09NVMDY6Z.

13. Choose Friendship owns, among others, the following federal trademark registrations and

applications with the United States Patent and Trademark Office for Marks in Connection with its Choose Friendship Bracelet Making Kits: Design Patents: US D619,150; US D626,574; US D667,468; D676,880; and Utility Patents: US 8,172,281 and Trademarks 3785767, 4259184, 6867491, and 7124479.

14. The registrations above are valid, subsisting, and incontestable, and constitute conclusive evidence of Choose Friendship's exclusive right to use these trademarks for the goods specified in the registrations. 15 U.S.C. §§ 1065, 1115(b). The marks shown in these registrations and applications, combined with the common-law rights in these marks, are hereinafter collectively referred to as the Choose Friendship Trademarks.

15. Since long prior to Defendants' acts complained of herein, Choose Friendship has made continuous use of its Choose Friendship Trademarks and the Choose Friendship Trade Dress, in connection with bracelet making kit products.

### DEFENDANTS' UNAUTHORIZED DISTRIBUTION OF PRODUCTS IN CONNECTION WITH THE CHOOSE FRIENDSHIP TRADE DRESS

16. Recently, many bad actors, including the Defendants, have sought to benefit from the goodwill embodied by the Choose Friendship Trademarks and Trade Dress.

17. Defendants are engaged in marketing, offering for sale, sale, and distribution of Bracelet Making Kit products that imitates the Choose Friendship Trade Dress.

### FIRST CLAIM OF RELIEF AGAINST ALL DEFENDANTS; TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

18. Choose Friendship re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. The Choose Friendship Trade Dress is entitled to protection under the Lanham Act. For years, Choose Friendship has owned protectable rights in the Choose Friendship Trade Dress, which

is inherently distinctive and not functional. Choose Friendship has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, the Choose Friendship Trade Dress has become a well-known indicator of the origin of Choose Friendship's products. Prior to Defendants' conduct that forms the basis for this Complaint, consumers had come to associate the distinctive "look and feel" of the products associated with the bracelet making kits sold under the Choose Friendship Trade Dress with Choose Friendship.

20. Without Choose Friendship's consent or authorization, Defendants manufacture, promote, sell, offer to sell, and distribute the Infringing Products bearing the Choose Friendship Trade Dress in the United States, including through their storefronts on the Amazon and other e-commerce platforms. The colors, stylized wording, and elements of the products and packaging used with Defendants' bracelet making products bearing an imitation of the Choose Friendship Trade Dress were intentionally designed to simulate Choose Friendship's look and feel for its Choose Friendship bracelet making kits, providing the immediate commercial impression that the Infringing Products emanate from or are associated with Choose Friendship and its genuine bracelet making products.

21. Defendants' use of the Choose Friendship Trade Dress as part of its product designs constitutes trade dress infringement under 15 U.S.C. § 1125, intentionally designed to deceive consumers into believing that these bracelet making kits are manufactured or authorized by Choose Friendship, thereby causing confusion as to the source and origin of the Infringing Products. On information and belief, Defendants' use of the Choose Friendship Trade Dress or colorable imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least in part by the similarity of its infringing products to the Choose Friendship

Trade Dress and Defendants' continuing disregard for Choose Friendship's rights.

22. Defendants' acts greatly and irreparably damage Choose Friendship and will continue to so damage Choose Friendship unless restrained by this Court; wherefore, Choose Friendship is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Choose Friendship is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Choose Friendship Trade Dress, or any imitation thereof, as well as to Defendants' profits, Choose Friendship's reasonable attorneys' fees, and any other remedies provided by 115 U.S.C. §§ 1116 and 1117.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS: COMMON LAW TRADE DRESS INFRINGEMENT

23. Choose Friendship realleges paragraphs 1 through 22 as if fully set forth herein.

24. Choose Friendship owns common law rights in the Choose Friendship Trade Dress as shown by its use in commerce since at least as early as 2012. Since long prior to Defendants' acts complained of herein, Choose Friendship has made continuous use of its Choose Friendship Trade Dress in connection with bracelet making kit products in the United States, including throughout the State of Illinois. Through that extensive and continuous use, the Choose Friendship Trade Dress has become well-known indicators of the origin and quality of Choose Friendship's products and bracelet making kits. The Choose Friendship Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the Choose Friendship Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of the Choose Friendship Trade Dress in connection with the Infringing Products.

25. Without Choose Friendship's consent, Defendants have used the Choose Friendship Trade

Dress or imitations thereof, in commerce in connection with the sale, offering for sale, distribution, and/or advertising of low quality, imitation bracelet making products. These acts are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Products that Defendants sell in that purchasers and others are likely to believe Choose Friendship authorizes and controls Defendants' sale of said products in the United States or that Defendants are associated with or related to Choose Friendship.

26. Defendants' acts constitute common law trade dress infringement.

27. On information and belief, Defendants' use of the Choose Friendship Trade Dress or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the Choose Friendship Trade Dress and Defendants' continuing disregard for Choose Friendship's rights.

28. Defendants' acts greatly and irreparably damage Choose Friendship and will continue to so damage Choose Friendship unless restrained by this Court; wherefore, Choose Friendship is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Choose Friendship is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Choose Friendship Trade Dress, or any imitation thereof, as well as to Defendants' profits, punitive damages, Choose Friendship's reasonable attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS: COMMON LAW UNFAIR COMPETITION

29. Choose Friendship re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. Choose Friendship owns common law rights in the Choose Friendship Trade Dress as shown

by its use in commerce for several years. Since long prior to Defendants' acts complained of herein, Choose Friendship has made continuous use of its Choose Friendship Trade Dress in connection with bracelet making products in the United States, including throughout the State of Illinois. Through that extensive and continuous use, the Choose Friendship Trade Dress have become well-known indicators of the origin and quality of Choose Friendship's bracelet making kits. The Choose Friendship Trade Dress have also acquired substantial secondary meaning in the marketplace. Moreover, the Choose Friendship Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of the Choose Friendship Trade Dress in connection with the Infringing Products.

31. Without Choose Friendship's consent, Defendants have appropriated for their own use the Choose Friendship Trade Dress. Defendants have used, and are continuing to use, the Choose Friendship Trade Dress in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its inferior, imitation bracelet making products. These acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Products that Defendants sell, in that purchasers and others are likely to believe Choose Friendship authorizes and controls Defendants' sale of certain inferior bracelet making products in Illinois or that Defendants are associated with or related to Choose Friendship.

32. Defendants' acts constitute common law unfair competition, at least by palming off/passing off their own Infringing Products, by simulating Choose Friendship Trade Dress in an intentional and calculated manner that is likely to confuse consumer about the source of the Infringing Products.

33. On information and belief, Defendants' use of the Choose Friendship Trade Dress, or colorable

imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the Choose Friendship Trade Dress, and Defendants' continuing disregard for Choose Friendship's rights.

34. Defendants' acts greatly and irreparably damage Choose Friendship and will continue to so damage Choose Friendship unless restrained by this Court; wherefore, Choose Friendship is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Choose Friendship is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Choose Friendship Trade Dress, or any imitations thereof, as well as to Defendants' profits, punitive damages, Choose Friendship's reasonable attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS: UNJUST ENRICHMENT

35. Choose Friendship re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. Choose Friendship created and has built the Choose Friendship brand, covered by the Choose Friendship Trade Dress through extensive time, labor, effort, skill, and money.

37. The Choose Friendship Trade Dress is entitled to protection under the common law. For years, Choose Friendship has owned protectable rights in the Choose Friendship Trade Dress, which is inherently unique, distinctive and not functional. Choose Friendship has extensively and continuously promoted and used the Choose Friendship Trade Dress in the United States. Through that extensive and continuous use, the Choose Friendship Trade Dress has become a well- known indicator of the origin of Choose Friendship's products.

38. Defendants' advertising, promotion, offer to sell, sales, distribution, manufacture, and/or

importation of the Infringing Products constitutes unjust enrichment, at least because Defendants have wrongfully obtained benefits at Choose Friendship's expense.

39. On information and belief, Defendants' unjust enrichment at Choose Friendship's expense has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of its Infringing Products to the Choose Friendship Trade Dress, or colorable imitations thereof, and Defendants' continuing disregard for Choose Friendship's rights.

40. Defendants' acts greatly and irreparably damage Choose Friendship and will continue to so damage Choose Friendship unless restrained by this Court; wherefore, Choose Friendship is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Choose Friendship is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Choose Friendship Trade Dress or Choose Friendship Trademarks, or any imitation thereof, as well as to Defendants' profits.

## FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS:
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510)

41. Choose Friendship re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. The Choose Friendship Trade Dress is entitled to protection under the common law. For years, Choose Friendship has owned protectable rights in the Choose Friendship Trade Dress, which is inherently unique, distinctive and not functional. Choose Friendship has extensively and continuously promoted and used the Choose Friendship Trade Dress in the United States. Through that extensive and continuous use, the Choose Friendship Trade Dress have become well-known indicators of the origin of Choose Friendship's products.

43. Defendants' acts, as described above, constitute deceptive trade practices in violation of the

Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510).

44. On information and belief, Defendants' use of the Choose Friendship Trade Dress, or colorable imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of its Infringing Products to the Choose Friendship Trade Dress, and Defendants' continuing disregard for Choose Friendship's rights.

45. Defendants' acts greatly and irreparably damage Choose Friendship and will continue to so damage Choose Friendship unless restrained by this Court; wherefore, Choose Friendship is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Choose Friendship is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Choose Friendship Trade Dress or Choose Friendship Trademarks, or any imitation thereof, as well as to Defendants' profits, Choose Friendship's actual damages, enhanced profits and damages, and reasonable attorneys' fees under at least 815 ILCS § 510.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Choose Friendship prays that this Court:

A. Enter judgment that Defendants have (a) infringed the Choose Friendship Trade Dress in violation of the Lanham Act; (b) engaged in unfair competition in violation of the Lanham Act; (c) violated Choose Friendship's common law rights in the Choose Friendship Trade Dress; (d) engaged in common law unfair competition; (e) been unjustly enriched at Choose Friendship's expense; (f) violated the Illinois Uniform Deceptive Trade Practices Act; and (g) that all such violations were willful and intentional, making this an exceptional case;

B. Issue a preliminary and permanent injunction enjoining and restraining Defendants, their successors, assigns, affiliates, subsidiaries, officers, employees, agents, representatives, and all others in active concert or participation with them, from directly or indirectly engaging in (a) any further trade dress infringement, unfair competition, or deceptive business practices, including making, offering for sale, distributing, or selling any products that feature the Choose Friendship Trademarks and/or Choose Friendship Trade Dress or colorable imitations thereof; and (b) doing any other act calculated or likely to induce or cause confusion or the mistaken belief that Defendants or their Infringing Products are in any way affiliated, connected, or otherwise associated with Choose Friendship and its products;

C. Require Defendants, and all others holding by, through, or under Defendants, be required, jointly and severally, to:

    a. Account for and pay over to Choose Friendship all profits derived by Defendants from their acts of infringement, trade dress infringement, unfair competition, unjust enrichment, and deceptive trade practices in accordance with 15 U.S.C. § 1117(a) and Illinois common law, and Choose Friendship asks that this award be trebled in accordance with 15 U.S.C. § 1117(a);

    b. Pay to Choose Friendship the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

    c. Destroy all of the bracelet making products bearing the Choose Friendship Trade Dress in their possession, including packaging,

        and any advertising, marketing, or promotional material that include references to the Choose Friendship Trade Dress;

    d. Send a notice to any existing customers that the importation, dealing in, sale, marketing, or distribution of bracelet making products bearing the Choose Friendship Trade Dress, or any imitation thereof, is unlawful and that Defendants have been enjoined by a United States District Court from doing so; and

    e. File with the Court and serve on Choose Friendship an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

D.    Any such other and further relief as the Court deems just and equitable.

Dated: December 7, 2023                                               By: s/ *Cory Jay Rosenbaum*

                                                                                    Cory J. Rosenbaum
                                                                                    ROSENBAUM & SEGALL, P.C.
                                                                                    122 South Michigan Avenue
                                                                                    Suite 1390
                                                                                    Chicago, Illinois 60603
                                                                                    CJR@AmazonSellersLawyer.com
                                                                                    212-256-1109
                                                                                    NYS Bar #2669133